# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| TAZARIUS LEACH, <br>     No. 513883, | ) <br> ) <br> ) | |
|     Plaintiff, | ) <br> ) | No. 3:16-cv-02876 <br> Chief Judge Sharp |
| v. | ) <br> ) | |
| CORRECTIONS CORPORATION OF <br>     AMERICA, *et al.*, | ) <br> ) <br> ) | |
|     Defendants. | ) | |

# **M E M O R A N D U M**

Plaintiff Tazarius Leach, an inmate of the Trousdale Turner Correctional Center in Hartsville, Tennessee, has filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against a number of defendants, alleging violations of the plaintiff's federal civil rights and state law. (Docket No. 1). The plaintiff seeks compensatory and punitive damages. (*Id.* at p. 6).

The plaintiff's complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I.     PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**II.    Section 1983 Standard**

The plaintiff brings his claims pursuant to 42 U.S.C. § 1983.[1]    Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983,

---

[1]The plaintiff also alleges state law claims. These claims are not addressed in this memorandum.

the plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

## III. Alleged Facts

The complaint alleges that the plaintiff is an inmate of the Trousdale Turner Correctional Center (TTCC) and is a Stage II insulin-dependent diabetic, a condition documented upon his arrival as a prisoner at the TTCC. (Docket No. 1 at p. 9). According to the complaint, on the following dates, the plaintiff failed to receive at least one of his required doses of insulin: April 28, 2016, April 29, 2016; May 16, 2016; May 17, 2016; May 23, 2016; May 25, 2016; and May 27, 2016. Similarly, on the following dates, the complaint alleges that the plaintiff did not receive a meal specifically designed for insulin-dependent inmates: May 18, 2016 and May 19, 2016.

On May 20, 2016, the plaintiff needed medical attention but was ignored by C/O Morom and an unnamed C/O. The unnamed C/O told the plaintiff not to push the emergency call button or he would be given a Class A Disciplinary. (*Id.* at p. 10).

On May 21, 2016, the plaintiff asked C/O Morquec to call medical for him, but Morque said that the Lt. Ecford was on his way but Ecford never arrived and Morque told the plaintiff that he was not going to do anything further. (*Id.*)

On May 23, 2016, the plaintiff asked C/O Mitchell to call medical for him, but the plaintiff was not given his insulin on time and his glucose level was severely low. (*Id.* at p. 11).

The complaint alleges that TTCC "is a Facility not Equipped and not Staffed therefore unable to address this Medical Condition with CCA Corporate Office first Approving funds for 'Every Individual' Medical need resulting in Essential Treatment being Delayed, Often Failing to

3

meet Medical needs Specifically during Plaintiff's Debilitating State of Health." (*Id.* at p. 12). The plaintiff believes that CCA is deliberating attempting to avoid the high costs associated with the treatment of diabetes. (*Id.*)

The complaint further alleges that when the plaintiff has submitted grievances concerning his medical treatment for diabetes, Defendant Garner has refused to process the grievances and shared many of the grievances among the TTCC staff, violating the plaintiff's privacy rights and causing certain staff members to retaliate against the plaintiff for having filed grievances. (*Id.* at p. 4).

**IV.    Analysis**

First, the complaint names the TTCC as a defendant to this action. However, the TTCC (where the plaintiff is incarcerated), like any other jail or workhouse, is not a "person" that can be sued under 42 U.S.C. § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991); *Marbry v. Correctional Med. Servs.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000). Thus, TTCC will be dismissed as a defendant to this action.

Next, the complaint alleges that the plaintiff has not received and is not receiving appropriate management and treatment of his diabetic condition. According to the complaint, this failure has placed the plaintiff at risk for exacerbation of his existing medical problems, including dizziness, swelling, abdominal pain, ankle and foot pain, loss of eye sight, and loss of energy. The plaintiff is particularly concerned about the likelihood that missing insulin doses, as he alleges has happened due to the defendants' actions, could result in the plaintiff suffering a diabetic coma. (Docket No. 1 at p. 12).

The Eighth Amendment of the United States Constitution imposes an obligation to provide

4

prisoners with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. *Grubbs v. Bradley*, 552 F. Supp. 1052, 1119-1124 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. *Bellamy v. Bradley*, 729 F.2d 416 (6th Cir. 1984). To establish a violation of his Eighth Amendment rights resulting from the medical care provided or a denial of medical care, a plaintiff must show that prison officials were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994).

Complaints of malpractice or allegations of negligence are insufficient to entitle plaintiff to relief. *Estelle v. Gamble*, 429 U.S. at 105-06. Further, a prisoner's difference of opinion regarding treatment does not rise to the level of an Eighth Amendment violation. *Id.* at 107. Finally, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess prison officials' medical judgments and constitutionalize claims which sound in state tort law. *Berryman v. Rieger*, 150 F.3d 561, 565 (6th Cir. 1998)(citing *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

"A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir.1996)); see *also Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (corporation that provides medical care to prisoners can be sued under § 1983). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons. *Thomas*, 55 F. App'x at 748–49; *Street*, 102 F.3d at 817–18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001). CCA "cannot be held liable under a theory of respondeat superior." *Braswell v. Corr. Corp. of Am.*,

5

419 F. App'x 622, 627 (6th Cir. 2011).

To prevail on a § 1983 claim against CCA, the plaintiff "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Id.* Here, the complaint alleges that the plaintiff suffered harm because of an unconstitutional policy or custom of CCA. Were the plaintiff facing a motion to dismiss, his burden of proof would be much higher. He would need to show that CCA had an unconstitutional policy, that the policy was applied in the plaintiff's case, and the policy was a "moving force" behind the denial of treatment. *See, e.g., Ezell v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:11–0405, 2012 WL 2601940, at *8 (M.D. Tenn. June 6, 2012) (report and recommendation), adopted, 2012 WL 2601936 (M.D.Tenn. July 5, 2012); *Moffat v. Mich. Dep't of Corr.*, No. 09–14696, 2010 WL 3906115, at *9 n.11 (E.D. Mich. May 21, 2010) (allegation that "CMS had a policy of denying treatment in order to maximize profits" insufficient to survive motion to dismiss without supporting factual allegations) (report and recommendation), adopted, 2010 WL 3905354 (E.D.Mich. Sept. 27, 2010); *Crawford v. Mich. Dep't of Corr.*, No. 2:09–cv–7, 2010 WL 1424246, at *5 (W.D. Mich. Mar. 31, 2010) ("Plaintiff has pleaded no facts supporting his allegation that, pursuant to contract, Plaintiff's medical treatments were based upon cost concerns."); *Broyles v. Corr. Med. Servs., Inc.*, No. 08–1638, 2009 WL 3154241 (6th Cir. Jan. 23, 2009) (inmate's "bare allegation of a custom or policy, unsupported by any evidence, are insufficient to establish entitlement to relief"). However, the plaintiff is not facing a motion to dismiss at this time; the court is conducting the required PLRA screening of the plaintiff's complaint, which is a lower burden for the plaintiff to overcome in order for his claims to proceed.

The complaint alleges that the plaintiff's diabetes constitutes a sufficiently "serious medical

need" requiring medical treatment beyond what the plaintiff has been afforded up to now. The complaint goes further in alleging that defendants have engaged in an attempt to limit the treatment provided to the plaintiff for his diabetes for purposes of cutting costs to comply with a CCA or facility policy requiring specific approval by a "higher up" of each act of medical treatment provided to an inmate suffering from diabetes. The plaintiff alleges that he has suffered detrimental effects from the defendants' refusal to treat his diabetes properly, including pain, exacerbation of existing symptoms, and risk of a diabetic coma.

The court finds that these allegations are sufficient to state Eighth Amendment claims based on the failure to provide appropriate medical treatment to the plaintiff for his serious medical condition of diabetes pursuant to CCA and/or TTCC policy(ies). Because the plaintiff alleges the existence of a CCA and/or TTCC policy or custom, the court will not dismiss the Chief Executive Officer Damon Hiniger, Warden Blair Leibach, or Assistant Wardens Jerry Warlow and Yolanda Pittman at this time with regard to these claims. Of course, the plaintiff will bear the burden of supporting his allegations as to each defendant with evidence as this case progresses. The court simply finds that, for now, the plaintiff's Eighth Amendment claims survive the required screening under the PLRA.

Next, some of the plaintiff's Section 1983 claims are premised on a defendant's response, or lack of response, to the plaintiff's grievances. Although the plaintiff may feel that his grievances were not taken seriously or handled properly, a plaintiff cannot premise a § 1983 claim on allegations that the an institution's grievance procedure was inadequate and/or unresponsive because there is no inherent constitutional right to an effective jail grievance procedure in the first place. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983)(overruled in part on other grounds by *Sandin v. Conner*,

515 U.S. 472 (1995)); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Since a prisoner does not have a constitutional right to an effective or responsive grievance procedure, the plaintiff's claims based on any defendant's failure to respond to plaintiff's grievances do not state a claim upon which relief can be granted. These claims will be dismissed.

However, the complaint alleges that some defendants retaliated against the plaintiff after he pursued grievances against them pertaining to his medical treatment. A prisoner's claim that prison officials have retaliated against him for engaging in protected conduct is grounded in the First Amendment. *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999) (*en banc*). To establish a *prima facie* case of retaliation within the context of § 1983, a plaintiff must prove that: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between the first two elements, such as the adverse action was motivated at least in part by plaintiff's protected conduct. *Id.* at 394. In addition to proving a retaliatory motive, the plaintiff must establish that the alleged discriminatory action was punitive in nature by showing other than *de minimis* harm resulting from it. *See Ingraham v. Wright*, 430 U.S. 651, 674 (1977); *Thaddeus-X*, 175 F.3d at 396. Although it is unclear at this early state of the proceedings whether the plaintiff ultimately can prevail on his federal claims of retaliation, the court finds that the plaintiff's allegations of retaliation withstand the required frivolity review. These claims will be permitted to proceed for further development. Due to the *pro se* nature of the complaint, it is unclear which defendants the plaintiff alleges have retaliated against him. The plaintiff must clarify these allegations by way of amending his complaint or his federal retaliation claims will be dismissed.

Finally, the plaintiff's claims for monetary damages against the individual defendants in their official capacities are barred by the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989). Thus, those claims must be dismissed.

**V.     Conclusion**

As set forth above, the court finds that the complaint states colorable First and Eighth Amendment claims pursuant to § 1983. 28 U.S.C. § 1915A. These claims survive the required PLRA screening; however, the plaintiff is advised that he must clarify which defendants were involved in the alleged incidents and support his allegations with facts in order for his claims to survive beyond this early stage of litigation. The plaintiff's claims against TTCC will be dismissed for failure to state a claim upon which relief can be granted. Likewise, the plaintiff's claims regarding any defendant's failure to respond to grievances fail to state claims upon which relief can be granted, and those claims must be dismissed. Finally, the plaintiff's claims for monetary damages against the individual defendants in their official capacities are barred by the Eleventh Amendment and thus will be dismissed.

An appropriate order will be entered.

_____
Kevin H. Sharp
Chief United States District Judge