```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                           AT NASHVILLE

TAZARIUS LEACH,                 )
                                )
        Plaintiff               )
                                )       No. 3:16-2876
v.                              )       Judge Roberts/Brown
                                )       **Jury Demand**
CORRECTIONS CORPORATION OF      )
AMERICA; et al.,                )
                                )
        Defendants              )
```

**TO: THE HONORABLE VICTORIA A. ROBERTS**

### REPORT AND RECOMMENDATION

On August 24, 2017 (Docket Entry 47) the Plaintiff was directed to show cause why the Magistrate Judge should not recommend that complaints against unserved Defendants be dismissed for failure to prosecute by obtaining service of process.

The Plaintiff filed a response (Docket Entry 48) that did not address the issue of why he has not identified the John Doe Defendant or obtained service of process on Defendants Aballay, Grievance Chairperson; Garner; and Correctional Officer Moran. For the reasons stated below, the Magistrate Judge recommends that the complaint against Doe, the Grievance Chairperson, and Garner be dismissed without prejudice for failure to obtain service of process in accordance with Rule 4 of the Federal Rules of Civil Procedure.

### BACKGROUND

The Plaintiff filed his complaint *in forma pauperis* on November 14, 2016 (Docket Entry 1). After an application to proceed

*in forma pauperis* was approved the District Judge allowed the case to proceed on January 4, 2017 (Docket Entry 8). The facts alleged by the Plaintiff were summarized in paragraph III of the District Judge's order, as follows:

> The complaint alleges that the plaintiff is an inmate of the Trousdale Turner Correctional Center (TTCC) and is a Stage II insulin-dependent diabetic, a condition documented upon his arrival as a prisoner at the TTCC. (Docket No. 1 at p. 9). According to the complaint, on the following dates, the plaintiff failed to receive at least one of his required doses of insulin: April 28, 2016, April 29, 2016; May 16, 2016; May 17, 2016; May 23, 2016; May 25, 2016; and May 27, 2016. Similarly, on the following dates, the complaint alleges that the plaintiff did not receive a meal specifically designed for insulin-dependent inmates: May 18, 2016 and May 19, 2016.
>
> On May 20, 2016, the plaintiff needed medical attention but was ignored by C/O Morom and an unnamed C/O. The unnamed C/O told the plaintiff not to push the emergency call button or he would be given a Class A Disciplinary. (*Id.* at p. 10).
>
> On May 21, 2016, the plaintiff asked C/O Morquec to call medical for him, but Morque said that the Lt. Ecford was on his way but Ecford never arrived and Morque told the plaintiff that he was not going to do anything further. (*Id.*)
>
> On May 23, 2016, the plaintiff asked C/O Mitchell to call medical for him, but the plaintiff was not given his insulin on time and his glucose level was severely low. (*Id.* at p. 11).
>
> The complaint alleges that TTCC "is a Facility not Equipped and not Staffed therefore unable to address this Medical Condition with CCA Corporate Office first Approving funds for 'Every Individual' Medical need resulting in Essential Treatment being Delayed, Often Failing to meet Medical needs Specifically during Plaintiff's Debilitating State of Health." (*Id.* at p. 12). The plaintiff believes that CCA is deliberating attempting to avoid the high costs associated with the treatment of diabetes. (*Id.*)

> The complaint further alleges that when the plaintiff has submitted grievances concerning his medical treatment for diabetes, Defendant Garner has refused to process the grievances and shared many of the grievances among the TTCC staff, violating the plaintiff's privacy rights and causing certain staff members to retaliate against the plaintiff for having filed grievances. (*Id.* at p. 4).

In the Court's memorandum (Docket Entry 8) the Plaintiff was advised that he needed to file an amended complaint to specify which Defendants retaliated against him because he filed grievances against them pertaining to his medical treatment.

The Plaintiff has not amended his complaint. Summonses were issued on the last known address provided by CCA for identified Defendants (Docket Entry 44) Moran, Schweitzer, and Aballay. The summons for Moran was returned as unexecuted as the individual did not live at the address provided. The Marshals Service has advised the summons for Schweitzer has been sent to East Tennessee and Aballay has moved with no address. It does not appear that the Plaintiff has ever identified the Doe Defendant, the Grievance Chairperson, or the Defendant Garner.

Additionally, the Plaintiff has never complied with the Court's order to specifically identify what retaliatory actions anyone took against him because of filing grievances. The Magistrate Judge will follow up with the Marshals Service to determine what has occurred with the summonses that have not been returned one way or the other and will not make a recommendation to dismiss them at this point. However, the Plaintiff has not

identified the Doe Defendant, has not prepared any service of process for Garner or the Grievance Chairperson, or provided additional information concerning any retaliation they took against him. Accordingly, the Magistrate Judge will recommend that the claims against those individuals be dismissed for failure to obtain service of process and to obey Court orders.

**LEGAL DISCUSSION**

A dismissal with or without prejudice is a drastic remedy, and before the Court contemplates dismissing an action under Rule 41(b), the Court must specifically consider:

(1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault;

(2) whether the adversary was prejudiced by the dilatory conduct of the party;

(3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

(4) whether the less drastic sanctions were imposed or considered before dismissal was granted. *Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6th Cir. 1999).

The case cannot proceed against Defendants that have not been served or identified. The Plaintiff has been warned of the need to identify and serve Defendants and has failed to do so. The passage of time will make a defense harder for Defendants and the

Plaintiff has been warned of the risk of dismissal and a less severe sanction of dismissal without prejudice is recovered.[1]

**RECOMMENDATION**

For the reasons stated above the Magistrate Judge recommends that the complaints against Doe, Garner, and the Grievance Chairperson be dismissed without prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 9th day of November, 2017.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

---

[1] Even though the dismissal is recommended to be without prejudice, the running of the one-year statute of limitations will likely bar a new suit.