```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                          AT NASHVILLE
```

TAZARIUS LEACH,                )
                               )
        Plaintiff              )
                               )    No. 3:16-cv-2876
v.                             )    Judge Campbell/Brown
                               )    **Jury Demand**
CEO DAMON HINIGER; *et al.*,   )
                               )
        Defendants             )

**TO:   THE HONORABLE WILLIAM L. CAMPBELL, JR.,
        UNITED STATES DISTRICT JUDGE**

## REPORT AND RECOMMENDATION

Presently pending in this matter is a Motion for Summary Judgment (Docket Entry 86) filed by the served defendants. For the reasons stated below, the Magistrate Judge **RECOMMENDS** that this motion be **GRANTED** and the claims against these defendants be **DISMISSED** with prejudice for failure to exhaust administrative remedies, and that the two unserved defendants, Dr. Richard Aballay and Joe Shweizter, be **DISMISSED** without prejudice for Plaintiff's failure to obtain service of process after being warned of the necessity to do so. The Magistrate Judge further **RECOMMENDS** that any appeal from the adoption of this Report and Recommendation not be certified as taken in good faith.

## BACKGROUND

The Plaintiff filed a 53 page complaint (Docket Entry 1) in this matter on November 14, 2016. This lengthy complaint was reviewed by then Chief Judge Sharp on January 4, 2017 (Docket Entry

8). In Judge Sharp's review he summarized the alleged facts as follows:

> The complaint alleges that the plaintiff is an inmate of the Trousdale Turner Correctional Center (TTCC) and is a Stage II insulin-dependent diabetic, a condition documented upon his arrival as a prisoner at the TTCC. (Docket No. 1 at p. 9). According to the complaint, on the following dates, the plaintiff failed to receive at least one of his required doses of insulin: April 28, 2016, April 29, 2016; May 16, 2016; May 17, 2016; May 23, 2016; May 25, 2016; and May 27, 2016. Similarly, on the following dates, the complaint alleges that the plaintiff did not receive a meal specifically designed for insulin-dependent inmates: May 18, 2016 and May 19, 2016.
>
> On May 20, 2016, the plaintiff needed medical attention but was ignored by C/O Morom and an unnamed C/O. The unnamed C/O told the plaintiff not to push the emergency call button or he would be given a Class A Disciplinary. (Id. at p. 10).
>
> On May 21, 2016, the plaintiff asked C/O Morquec to call medical for him, but Morque said that the Lt. Ecford was on his way but Ecford never arrived and Morque told the plaintiff that he was not going to do anything further. (Id.)
>
> On May 23, 2016, the plaintiff asked C/O Mitchell to call medical for him, but the plaintiff was not given his insulin on time and his glucose level was severely low. (Id. at p. 11).
>
> The complaint alleges that TTCC "is a Facility not Equipped and not Staffed therefore unable to address this Medical Condition with CCA Corporate Office first Approving funds for 'Every Individual' Medical need resulting in Essential Treatment being Delayed, Often Failing to meet Medical needs Specifically

> during Plaintiff's Debilitating State of Health." (Id. at p. 12). The plaintiff believes that CCA is deliberating attempting to avoid the high costs associated with the treatment of diabetes. (Id.)
>
> The complaint further alleges that when the plaintiff has submitted grievances concerning his medical treatment for diabetes, Defendant Garner has refused to process the grievances and shared many of the grievances among the TTCC staff, violating the plaintiff's privacy rights and causing certain staff members to retaliate against the plaintiff for having filed grievances. (Id. at p. 4).

As a result of the review, Judge Sharp terminated the Trousdale Turney Correctional Center. The case was allowed to proceed against Warden Blair Leibach, Associate Warden Jerry Warlow, Associate Warden Yolanda Pittman, defendant Dr. Richard Aballay, Health Administrator Joe Shweizter, Chief Briggs, Captain Maxwell, Lieutenant Eckford, Correctional Officer Mitchell, the defendant CoreCivic, and defendant Katrina Moran.

A scheduling order was entered in the case (Docket Entry 39) on June 8, 2017, after some of the defendants were served. In the case management order, the Magistrate Judge noted that CoreCivic, the successor to Corrections Corporation of America, was represented by an attorney and that its president had been served. Therefore, CoreCivic was considered a defendant in the matter. The Plaintiff was reminded that he had named a John Doe defendant and unless he could identify the John Doe, no further action would be taken concerning him. The Plaintiff advised at that time that he found it unlikely that he would be able to identify the John Doe.

3

The Plaintiff was reminded that in Judge Sharp's initial review (Docket Entry 8) the Plaintiff was told that he would have to amend his complaint to specifically allege who had retaliated against him because he had filed grievances and the nature of the retaliation. The Plaintiff was reminded that he had not amended his complaint and was advised that, absent specifics in an amended complaint, at some point these allegations would be dismissed. The Plaintiff was specifically warned that motions for summary judgment had to be responded to and that failure to respond to the motion and to statements of undisputed facts could result in the Court taking the facts alleged in the matter as true and granting the relief requested. The Plaintiff was further told he could not simply rely on his complaint, that he must show that there was a material dispute of facts with citations to the record, affidavits, or other matters of evidence. He was advised to read and comply with Federal Rules of Civil Procedure 56 and Local Rule 56.01(a). Despite numerous efforts to locate and serve defendants Aballay and Shweizter, the summons were returned unexecuted (Docket Entries 70 and 72). The two defendants have never been served.

The served defendants filed their motion for summary judgment on August 24, 2018 (Docket Entry 86). It was supported by a lengthy memorandum (Docket Entry 87), Statement of Undisputed Material Facts and various declarations (Docket Entries 88-104).

The declaration of James Briggs (Docket Entry 88) set forth that he was an employee of CoreCivic, serving as the Assistant

Chief of Security at Trousdale and that he would not have denied the Plaintiff access to medical treatment, medication, or meals.

The declaration of Jessica Garner (Docket Entry 89), the Disciplinary Hearing Officer at Trousdale, set forth the grievance procedure at Trousdale and reviewed the grievances filed by the Plaintiff. She stated that on February 12, 2016, the Plaintiff filed a grievance regarding the medical treatment and complications he had experienced from his diabetes. She stated that the Plaintiff did not pursue all three levels of grievances on this matter. She stated that on February 28, 2016, the Plaintiff filed a grievance about not receiving his insulin on February 26, 2016, or February 27, 2016. She stated that the Plaintiff did in fact pursue this grievance through all three levels of the grievance procedure in place at Trousdale.[1] She states that the Plaintiff filed three grievances between April 28, 2016, and May 27, 2016, regarding medical treatment and food services, but that he did not appeal any of these grievances after he completed the first level of the grievance procedure.

The Magistrate Judge has reviewed the various grievances attached to the complaint (Docket Entry 1) and the additional attachments to the complaint (Docket Entry 7) and the Garner

---

[1] Although it appears that the Plaintiff did exhaust this grievance, a review of his complaint by both the undersigned Magistrate Judge and by Judge Sharp, does not reveal that the Plaintiff alleged this incident in his complaint.

5

declaration (Docket Entry 89)[2]. It does not appear the plaintiff exhausted any of the grievances other than the Feb. 28, 2016 grievance. The Plaintiff included a letter to the Warden dated April 10, 2016. However, a letter to the Warden does not constitute a grievance as such.

In his declaration (Docket Entry 90), Warden Blair Leibach denies any delay in providing access to appropriate medical providers or food services.

The declaration of Captain Delmer Maxwell, Jr. (Docket Entry 91) refutes any efforts to deny the Plaintiff medical treatment or food services, or taking any action to deny those services because of grievances filed by the Plaintiff.

The declaration of Assistant Warden Jerry Wardlow (Docket Entry 92) likewise denies any denial of access to medical treatment or meals, or any retaliation because of grievances.

The declaration of Warden Russell Washburn (Docket Entry 93), without reference to the specific medical records he relies on, states that Leach was prescribed and received treatment for his diabetes and received appropriate diabetic meals during his incarceration.

The declaration of Katrina Biggers (Docket Entry 102), like the other employees, states that as a correctional officer she would not have instructed or encouraged other employees to deny

---

[2]Unfortunately Gartner did not attach copies of these grievances. The TOMIS record would have helped clarify the status of the various grievances in one document.

6

Leach access to adequate medical treatment or food services, and would not have denied these services because of any grievance.

In the declaration of Lieutenant Marquez Eckford (Docket Entry 96) he states that he did not instruct or encourage CoreCivic employees to refuse to provide Leach access to adequate diabetic treatment or food services, or take any action against him because of grievances.

The declaration of Damon Hininger (Docket Entry 101), President and CEO of Core Civic, states that he did not encourage or instruct Core Civic employees to refuse to provide Leach access to adequate diabetic treatment or food services, or take any action because of his grievances.

The declaration of Senior Correctional Officer Kyla Mitchell (Docket Entry 100) states that she did not instruct or encourage Core Civic employees to refuse to provide Leach with access to adequate medical diabetic treatment or food services, and took no action to retaliate against him because of grievances.

The declaration of Assistant Warden Yolanda Pittman (Docket Entry 103) states that she likewise did not encourage employees to fail to provide the Plaintiff with access to adequate diabetic treatment or food services, or retaliate against him because of any grievances he filed.

The final document to be considered on the Defendants' motion for summary judgment is their statement of undisputed material facts (Docket Entry 94). Since the Plaintiff failed to respond to the statement of material facts, they are taken for true for the

7

purpose of summary judgment to the extent they appear to have a basis in the record. Statement 2 is that "Before filing this lawsuit on November 1, 2016, Leach failed to exhaust his administrative remedies for the three grievances he submitted between April 28, 2016, and May 27, 2016."[3]

Statement 3 contains the same November 1, 2016, error concerning the Plaintiff's February 12, 2016 grievance.

The Plaintiff failed to respond to Statement 7 which alleges that the various employees did not have any involvement in the Plaintiff's medical treatment or food services and neither instructed nor encouraged Core Civic employees to refuse to provide Leach with medical treatment or food services citing to the various declarations summarized above.

The Magistrate Judge is willing to consider these statements as uncontested as far as they pertain to the Plaintiff's grievances. With all due respect, the various declarations used to support the fact that CoreCivic did not deny the Plaintiff medical treatment or food services are not well supported when the grievances are considered. The Plaintiff is not complaining about a total failure of food services or failure to provide insulin as prescribed for him. He is complaining that the defendants, because of a shortage of personnel, lock downs, and incomplete counts

---

[3]This statement is inaccurate because the complaint was lodged with the Clerk on November 14, 2016, and was dated for purposes of the statute of limitations under the Mailbox Rule on November 9, 2016, not November 1, 2016.

8

prevented, in many cases, the nurses from distributing prescribed medication or food services providing the prescribed meals. Insulin medication and food can be time sensitive. Had the Plaintiff properly exhausted his administrative remedies the Magistrate Judge would be very reluctant to accept these statements at face value despite the Plaintiff's failure to respond.

## STANDARD OF REVIEW

Rule 56 requires the court to grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If a moving defendant shows that there is no genuine issue of material fact as to at least one essential element of the plaintiff's claim, the burden shifts to the plaintiff to provide evidence beyond the pleadings, "set[ting] forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "In evaluating the evidence, the court must draw all inferences in the light most favorable to the non-moving party." *Moldowan*, 578 F.3d at 374 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

At this stage, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Id.*

9

(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). But "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient," and the party's proof must be more than "merely colorable." *Anderson*, 477 U.S. at 249, 252. An issue of fact is "genuine" only if a reasonable jury could find for the non-moving party. *Moldowan*, 578 F.3d at 374 (citing *Anderson*, 477 U.S. at 252).

## LEGAL ANALYSIS

The law is clear that under Rule 4(m) the Plaintiff must obtain service of process within 90 days or his case, after notice, is subject to dismissal. In this case the Plaintiff did not obtain service of process on defendants Aballay and Shweizter at any time up to and including this Report and Recommendation. He was warned of the necessity to do so. Accordingly, any action against those defendants should be dismissed without prejudice.[4]

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1997 of the Revised Statutes of the United States [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Napier v. Laurel Co.*, 636 F.3d 218, 222 (6th Cir. 2011). The mandatory exhaustion

---

[4]As a practical matter, because of the passage of time, the one year statute of limitations would make any refiling futile.

requirement is a strict one. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Napier*, 636 F.3d at 226.

To satisfy the exhaustion requirement "prisoners must complete the administrative review process in accordance with the applicable procedural rules" that are defined by the prison grievance process itself. *Jones*, 549 U.S. at 218. This requirement includes any time limitations. *Risher v. Lappin* 639 F.3d 236, 240 (6th Cir. 2011)(citing *Woodford v. Ngo*, 548 U.S. 81, 83 (2006)). There are no futility exceptions or other exceptions to the exhaustion requirement under the PLRA. *Booth v. Churner*, 532 U.S. 731, 741 n.6(2001). The failure of a prisoner "to exhaust administrative remedies under the PLRA is an affirmative defense that must be established by the Defendants." *Jones*, 549 U.S. at 204.

The defendants are correct that the record established that the Plaintiff did not exhaust administrative remedies for the time frame alleged in his complaint. The one grievance that he did exhaust, filed on February 12, 2016, is not within the time frame that he alleges in his complaint. His complaint only alleges, as noted by Judge Sharp (Docket Entry 8), failure to provide medication and food services for the period of April 28, 2016, through May 27, 2016.

Because the Magistrate Judge believes that the failure to exhaust is dispositive, the remaining grounds for dismissal will not be discussed in detail, although the Magistrate Judge would note that it would appear that if there is a policy suspending food services and medicine dispensation during lock downs, counts, and

11

other security operations by Core Civic further review would be required. The arguments that in his February grievance, which he did exhaust, would not have put Core Civic on notice of the problem caused by excessive lock downs and counts, is not particularly persuasive. The argument that his allegations that the result of delays in food and insulin could not constitute serious injuries, is likewise not particularly persuasive. Unfortunately, the defendants do not make any clear references to medical records which might shed some light on the seriousness of the delays. Certainly the Plaintiff alleges significant injuries which any reasonable person would think were serious were they actually experiencing them.

It does not appear that the Plaintiff raised state court claims in this matter. Therefore, the Magistrate Judge sees no reason to recommend the dismissal without prejudice of any state claims, as it does not appear that the Plaintiff ever raised such claims.

### RECOMMENDATION

For the reasons stated above the Magistrate Judge **RECOMMENDS** that the defendants' motion for summary judgment (Docket Entry 86) be **GRANTED** and this case be **DISMISSED** in its entirety as to all defendants with the exception of Aballay and Shweizter whose claims should be **DISMISSED** without prejudice for failure to obtain service of process. The Magistrate Judge further **RECOMMENDS** that any appeal from the adoption of this Report and Recommendation not be certified as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 21st day of December, 2018.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge