# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TAZARIUS LEACH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 3:16-cv-2876 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| CORECIVIC, INC., *et al.*, | ) |
| | ) MAGISTRATE JUDGE BROWN |
| Defendants. | ) |

## ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 105), recommending that the Court grant Defendants' Motion for Summary Judgment (Doc. No. 86). Plaintiff filed objections to the Report and Recommendation (Doc. Nos. 108 and 114); Defendants filed a response to Plaintiff's objections (Doc. No. 110). After a *de novo* review, and for the following reasons, the Plaintiff's objections are OVERRULED and the Report and Recommendation ("R&R") is ADOPTED.

## STANDARD OF REVIEW

The district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b)(1)(C); Local Rule 72.02; 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id*. (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

1

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In evaluating a motion for summary judgment, the court views the facts in the light most favorable for the nonmoving party and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015); *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the Court determines whether sufficient evidence has been presented to make the issue of material fact a proper jury question. *Id.* The mere scintilla of evidence in support of the nonmoving party's position is insufficient to survive summary judgment; instead, there must be evidence of which the jury could reasonably find for the nonmoving party. *Rodgers* 344 F.3d at 595.

## **ANALYSIS**

As discussed in the Report and Recommendation, Plaintiff, proceeding *pro se*, alleges that between April 28 and May 27, 2016, Core Civic and the individual defendants failed to provide timely diabetic meals and required doses of insulin, and that requests for medical assistance were ignored on multiple occasions. Defendants filed a motion for summary judgment (Doc. No. 86),

Statement of Undisputed Material Facts (Doc. No. 88), and numerous declarations (Doc. No. 89-104). Plaintiff did not file a response to the motion for summary judgment or contest the statement of undisputed facts. The Magistrate Judge determined that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), and recommended dismissal.

Plaintiff filed an objection to the Report and Recommendation, submitting that "he had exhausted all his grievance remedies to the best of his knowledge without the help of legal representation." Plaintiff's other objections – that the defendants' statements of denial are not well supported and that delays of insulin and food constitute serious injuries, do not contravene the report of the Magistrate Judge. In fact, the Magistrate Judge agreed that "the various declarations used to support the fact the CoreCivic did not deny the Plaintiff medical treatment or food services *are not well supported*." (Doc. No. 105 at 8 (emphasis added).) The Magistrate Judge also agreed that "the argument that [Plaintiff's] allegations that the result of delays in food and insulin could not constitute serious injuries, is likewise not particularly persuasive. … Certainly the Plaintiff alleges significant injuries which any reasonable person would think were serious were they actually experiencing them." (*Id*. at 12.) Plaintiff did not object to the Magistrate Judge's ruling that the defendants Abbalay and Shweitzer should be dismissed without prejudice for failure to obtain service of process as required by Rule 4(m).

The Court considers Plaintiff's objection that he did, in fact, exhaust his administrative remedies "to the best of his knowledge without the help of legal representation." By this statement, Plaintiff could intend to indicate that, to his knowledge he did, in fact, exhaust his administrative remedies; or he could intend to indicate that he exhausted his legal remedies as well as he was able without help from legal counsel. Plaintiff did not object to the Magistrate Judge's legal conclusion

3

that the PLRA requires the exhaustion of administrative remedies as a prerequisite to legal action with respect to prison conditions.

The Court has reviewed the Declaration of Jessica Garner, Disciplinary Hearing Officer (Doc. No. 89), and the attached Administrative Policies and Procedures, State of Tennessee, Department of Corrections (Doc. No. 89, Ex. A), which set forth the three levels of the grievance review process. Ms. Garner indicates that Plaintiff filed three first level grievances during the time period alleged in the complaint but did not appeal any of these grievances beyond the first level. Upon review of the evidence presented by Defendants and the lack of any disagreement by Plaintiff, the Court concludes Plaintiff's claims are barred due to failure to exhaust administrative remedies.[1]

## CONCLUSION

Having conducted a *de novo* review of the Magistrate Judge's determinations and the Plaintiff's objections, for the reasons stated herein, the Court concludes that the Plaintiff's objections are without merit, and the Report and Recommendation should be adopted. Accordingly, Defendants' Motion for Summary Judgment (Doc. No. 86) is **GRANTED**.

This Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Unrelated to the claims at issue, Ms. Garner also stated that Plaintiff completed all three levels of the grievance review process for a prior incident not alleged in the complaint. The fact that Plaintiff has completed all three levels of the grievance review process shows that he was able to use this process on a prior occasion and counters Plaintiff's argument that he exhausted his grievance remedies "to the best of his knowledge."