# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TAZARIUS LEACH, | ) |
| Plaintiff, | ) |
| | ) NO. 3:16-cv-2876 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| CORECIVIC, INC., *et al.*, | ) |
| | ) MAGISTRATE JUDGE BROWN |
| Defendants. | ) |

## ORDER AND MEMORANDUM OPINION

Pending before the Court is Plaintiff's Motion for a New Trial and/or Notice to Appeal. (Doc. No. 121).

**I.  Background**

In 2016, Plaintiff filed a pro se complaint pursuant to 42 U.S.C. § 1983 against a number of defendants, alleging violations of Plaintiff's federal civil rights and state law. (Doc. No. 1). By Order entered on April 5, 2019 (Doc. No. 116), the Court adopted the Report and Recommendation of the Magistrate Judge to grant the served Defendants' motion for summary judgment, dismiss the claims against those Defendants with prejudice for failure to exhaust administrative remedies, and dismiss the claims against the two unserved Defendants without prejudice. (Doc. No. 105). The Clerk entered final judgment on the same day. (Doc. No. 118).

**II.  Motion for a New Trial**

In the instant motion, Plaintiff requests a new trial "and or alteration or Amendment of the April 5th 2019 judgment . . . ." (Doc. No. 121 at 1). There was no trial in this case. Therefore, the Court will consider Plaintiff's motion for a new trial as a motion to alter or amend judgment.

1

Rule 59(e) of the Federal Rules of Civil Procedure provides that the court may grant a motion to alter or amend a judgment if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. Fed. R. Civ. P. 59(e); *see GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999). A motion to alter or amend judgment under Rule 59(e) must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). Therefore, Plaintiff's motion, if construed as a Rule 59(e) motion, was untimely filed.

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or the judgment is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). A motion for relief from a judgment or order under Rule 60 must be filed "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Therefore, Plaintiff's motion, if construed as a Rule 60 motion, was timely filed.

None of the enumerated grounds for relief under Rule 60(b)(1)-(5) apply in this case. Rule 60(b)(6) is a catchall provision that provides for relief from a final judgment for any reason justifying relief not captured in the other provisions of Rule 60(b). *McGuire v. Warden*, 738 F.3d 741, 750 (6th Cir. 2013). Rule 60(b)(6) only applies in exceptional or extraordinary circumstances

where principles of equity mandate relief. *Id*. "The decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Blue Diamond Coal v. Trustees of United Mine Workers*, 249 F.3d 519, 529 (6th Cir. 2001); *see also Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009). A district court's discretion in deciding a Rule 60(b)(6) motion is especially broad due to the underlying equitable principles involved. *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014).

Here, Plaintiff does not describe any exceptional or extraordinary circumstances that mandate relief. He does not address at all his failure to exhaust administrative remedies and failure to serve two of the defendants. Consequently, Plaintiff is not entitled to relief from judgment under Rule 60(b)(6). Accordingly, Plaintiff's motion, whether construed as a motion to amend his complaint, a Rule 59(e) motion to alter or amend judgment, or a Rule 60(b) motion for relief from a judgment or order, is hereby **DENIED**.

### III. Notice of Appeal

Plaintiff also seeks to appeal the Court's April 5, 2019 ruling dismissing this action. (Doc. No. 121).

To prosecute a civil appeal, a petitioner must file a timely Notice of Appeal accompanied by either the full appellate filing fee or an application to proceed in forma pauperis in lieu thereof. 28 U.S.C. § 1915(a)(1). Petitioner has submitted neither the appellate filing fee or an application to proceed in forma pauperis.

Petitioner is hereby **GRANTED** 30 days within which to submit either the required appellate filing fee of five hundred and five dollars ($505.00) or an application to proceed in forma

3

pauperis. The Clerk is **DIRECTED** to mail Petitioner a blank application to proceed in forma pauperis for Petitioner's convenience.

An extension of time to pay the appellate filing fee may be requested from this court if filed within 28 days from the date the petitioner receives this order. *Floyd v. United States Postal Service*, 105 F.3d 274, 279 (6th Cir. 1997), *superceded on other grounds by* Rule 24, Fed. R. App. P.

It is so **ORDERED**.

                                             _____
                                             WILLIAM L. CAMPBELL, JR.
                                             UNITED STATES DISTRICT JUDGE